UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE LAWSON,<br><br>        *Plaintiff*,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>        *Defendants*. | Civil Action No. 22-2857 (RDM) |

**MEMORANDUM OPINION**

Before the Court is Plaintiff Willie Lawson's complaint against several United States District Court judges,[1] government officials, and attorneys, arising from his conviction under 18 U.S.C. § 924(c).  Dkt. 1 at 2 (Compl.).  Plaintiff alleges that his prosecution and conviction were errant and unlawful and seeks "release from custody" and "[m]onetary damages for loss of life and liberty."  *Id.*  Although none of the Defendants have been properly served, nor have they appeared in this suit, this Court may dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) *sua sponte* where, as here, "the plaintiff cannot possibly win relief."  *Best v. Kelly*, 39 F.3d 328, 331

---

[1] Although the caption of Plaintiff's complaint appears to name the "United States District Court Judges," the Court does not understand this to mean that Lawson is suing every United States District Court judge in the country, including the undersigned.  Rather, Lawson's complaint appears directed specifically at the "judges who presided during the criminal phase" of his trial(s): here, allegedly, Judges John D. Bates, Gerald B. Lee, and Alexander W. Williams, Jr.  Dkt. 1 at 1 (Compl.).  To the extent, however, that the undersigned is in fact named as a Defendant in this case alongside all of the District Court judges of the United States, the rule of necessity allows the undersigned to preside over this case.  *See United States v. Will*, 449 U.S. 200, 214 (1980).

(D.C. Cir. 1994) (quoting *Baker v. U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam)).

It is clear from the face of Plaintiff's complaint that no "set of facts consistent with the allegations" could entitle him to relief from Defendants here. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). With respect to Plaintiff's claims against individual judges for "abuse of discretion" while they "presided [over his case(s)] during the criminal phase," Dkt. 1 at 1 (Compl.), his claims are barred by the principle that "[j]udges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). The actions of individual judges while "presid[ing]" over Lawson's allegedly unlawful prosecution fall squarely within the category of actions "taken in the judge's judicial capacity," *id.*, and are therefore immune from suit.

Moreover, to the extent that Plaintiff seeks monetary damages against the remaining defendants based on his allegedly "unlawful prosecution" and from "violations of the rules of both criminal and appellate procedures," Dkt. 1 at 2 (Compl.), those claims are not cognizable "unless [Lawson's] conviction or sentence [itself] has been invalidated or called into question by issuance of a writ of habeas corpus," *In re Jones*, 652 F.3d 36, 37–38 (D.C. Cir. 2011) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). Absent any indication that Plaintiff's convictions have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *Humphrey*, 512 U.S. at 487, the Court must dismiss these claims for failure to state a claim, *see In re Jones*, 652 F.3d at 38.

Remaining, then, is Plaintiff's claim seeking "release from custody for [his allegedly] errant and unlawful conviction." Dkt. 1 at 2 (Compl.). That claim fails as well. As the D.C. Circuit has explained, a motion under 28 U.S.C. § 2255 "is ordinarily the sole remedy for a federal prisoner challenging the legality of his conviction or sentence." *Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017). Plaintiff is accordingly advised that any claim for release "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" must be brought as a § 2255 motion. 28 U.S.C. § 2255. As far as the Court can discern, Plaintiff has brought at least two § 2255 motions related to his conviction and has, in that context, repeatedly been informed that any pleadings related to such motions shall be filed in the related criminal case, Criminal Action 03-282, rather than as a separate civil action. *See, e.g.*, Min. Order (June 24, 2016), 16-cv-1294; Min. Order (Apr. 15, 2008), 08-cv-655.

The Court will, accordingly, **DISMISS** Plaintiff's complaint in its entirety.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 26, 2022